UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA BLAZEVSKA

    Plaintiff,                                    CIVIL ACTION NO. 06-11711
  v.

                                DISTRICT JUDGE ARTHUR J. TARNOW

                                MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF                      FORMERLY ASSIGNED TO
SOCIAL SECURITY,                     MAGISTRATE JUDGE WALLACE CAPEL, JR.,


    Defendant.
  _____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be GRANTED, and

that of Defendant DENIED, as there was no substantial  evidence on the record that

claimant retained the residual functional capacity for work at all exertional levels.

*   *   *

    Plaintiff filed an application for Social Security disability insurance benefits on

October 12, 2001, alleging that she had been disabled and unable to work since February

15, 2000, at age 48, due to mental retardation.  Benefits were denied, initially and upon

reconsideration, by the Social Security Administration (SSA).  A requested de novo hearing

was held on March 15, 2005[1], before Administrative Law Judge (ALJ) Edward P. Golden.

---

    [1]An earlier administrative hearing was held in February 2003, before ALJ Golden
(TR 186-205), which resulted in a decision to deny disability benefits (TR 150-159).  The
Appeals Council vacated that decision in June 2005, and remanded the case for further
medical evaluation of claimant's neck tenderness (TR 163-164).

The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform work at all exertional levels, including her past work as a dishwasher. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 52 years old at the time of the administrative hearing. She was born in Yugoslavia/Macedonia, and her education was limited to four years of special education classes (TR 20, 52, 71).  Since emigrating to the United States in 1977, at age 24, she has lived with her brother and sister-in-law (TR 193). Plaintiff was employed part-time for over ten years as a dishwasher during the relevant past (TR 66, 197). As a dishwasher in a neighborhood restaurant, she stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 66). Claimant stopped working in February 2000, after injuring her back and neck in an automobile accident (TR 192, 194).

Plaintiff, who had difficulty speaking and understanding English, testified that she stopped working in February 2000 after an automobile accident (TR 191). Since the accident, the claimant said that she feared riding in a car (TR 192).  When it appeared that Plaintiff was not responsive to questions posed to her by the ALJ, the claimant's sister-in-law was asked to testify on her behalf (TR 193-202).

Ilona Blazevska testified that Plaintiff was unable to care for her personal needs without the help of family members (TR 200). The witness stated that the Plaintiff was able to shower and brush her teeth on her own (TR 199). She indicated that the claimant

required a lot of attention and did not easily follow instructions unless supervised (TR 215, 219). Supervision was necessary because of the fear of what the claimant would do if she was left alone (TR 223). For instance, Plaintiff reportedly soiled her pants twice a month when she failed to use a restroom (TR 200).  Both the sister-in-law and a niece stated that Plaintiff often had temper tantrums and crying spells (TR 194, 214, 223).

A Vocational Expert, Peter Fotiu, classified Plaintiff's past work as light, unskilled activity (TR 203). The witness testified that there were no jobs for claimant to perform if her testimony were fully accepted[2] (TR 204). If the claimant were capable of light work, the witness testified that there were numerous unskilled, repetitive type jobs that she could still perform with minimal vocational adjustment (TR 203).  At the remand hearing, another Vocational Expert, Pauline Pasikowski, testified that Plaintiff's past dishwashing work required an ability to recognize basic similarities and differences between words that would allow her to follow simple one and two step tasks (TR 225).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was  impaired as a result of borderline intellectual functioning, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ found that Plaintiff's allegations regarding her limitations were not fully credible.   The ALJ determined that Plaintiff retained the residual functional capacity to work at all exertional levels.  Given this RFC, Plaintiff was found to be able to perform her past work as a dishwasher.

---

[2]The witness opined that the claimant's alleged fear of driving and episodic refusal to use a bathroom when urinating would preclude all work activity (TR 203).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains she is  disabled as a result of mental retardation.  The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in

**4**

the national economy, considering her age, education and work experience.   42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2006).

DISCUSSION AND ANALYSIS

I am persuaded that substantial evidence does not exist on the record supporting the Commissioner's conclusion that Plaintiff could return to her past dishwashing job, or perform a significant number of other unskilled jobs at all exertional levels. The medical evidence, as a whole, provided objective support for Plaintiff's allegations of severe functional limitations stemming from her mental retardation.

The claimant underwent a battery of cognitive and intelligence testing in December 2001.  Dr. Christine Faulstich, a licence psychologist, reported on December 14, 2001, that a TONI-3 test revealed that the claimant functioned at the 2nd percentile in terms of intellectual ability (TR 130). This placed her intelligence below 98% of the people her age. Plaintiff also scored below 40 on a PPVT-R test administered the same day. This low score placed her in the lowest possible range in terms of  cognitive ability (TR 131). The test administrator noted that Plaintiff's score was comparable to a 3 year old child (TR 134). As a result, the claimant's ability to speak English was extremely limited (TR 131).

Plaintiff's treating psychiatrist, Dr. Tom Dimovski, reported in June 1998, that the claimant was totally dependent on her brother and sister-in-law for all of her care needs. The doctor stated that Plaintiff was "irresponsible, undependable and could not take care of herself for every day activities."  The psychiatrist did not believe that claimant's mental condition would ever improve (TR 123).  In an updated report submitted in September 2001, Dr. Dimovski again referred to Plaintiff's "dependence on others", and the doctor opined that she was unable to work (TR 115).

The assessment that the claimant was totally and permanently disabled as a result of mental retardation was shared by another examining psychiatrist, Dr. Cedomir Trpeski. In separate forms in August 2000 and June 2001, Dr. Trpeski  concluded that Plaintiff was "not fit for any work" as a result of mental retardation. The doctor added that the claimant needed the help and care of another person in order to perform most daily activities (TR 175, 179).

It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government,  Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), and are entitled to complete deference where, as here, the clinical findings are uncontradicted by substantial medical or other evidence and the opinions are based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Faulstich, Dimovski and Trpeski offered satisfactory objective clinical evidence of disabling functional limitations stemming from claimant's mental retardation, their collective opinion that Plaintiff was totally disabled should have been given greater weight than those of a state agency reviewing physician[3] who only evaluated the medical evidence of record without the benefit of a personal examination (TR 95-108). The opinions of these treating physicians were entitled to more deference where,

---

[3]A medical advisor's assessment of what other doctors find cannot serve as the basis for a competent evaluation of residual capacity without a personal examination of the claimant. Any opinion of disability from a nonexamining medical advisor is entitled to little weight if it is contrary to the opinion and clinical findings of the treating physician. Sherrill v. Secretary, 757 F.2d 803, 805 (6th Cir. 1985).  In the instant case, the state agency doctor who reviewed the medical record on behalf of the Commissioner confirmed that Plaintiff suffered from mental retardation that manifested itself in concentration problems, restrictions of daily activities and difficulties in maintaining social function (TR 105).

as here, their clinical findings were uncontradicted by substantial medical or other evidence, and were based on detailed, clinical, diagnostic evidence.

The Commissioner faces a heavier burden when denying disability benefits to older claimants.  For persons "approaching advanced age" (50-54), the regulations provide that age, in conjunction with a severe impairment and limited work experience, may seriously affect their ability to adjust to significant numbers of jobs in the economy. 20 C.F.R. § 404.1563(d) (2006).  In the instant case, the vocational expert stated that Plaintiff's past work as a dishwasher was unskilled, and, therefore, she did not have any transferable skills (TR 203).  The VE added that the claimant could not return to her dishwashing job, one that she performed for most of the past 15 years, if her testimony concerning her functional limitations were found to be fully credible (TR 204).   Since the medical evidence demonstrated that the claimant was severely impaired as a result of her mental retardation, the ALJ erred when he rejected claimant's credibility.  Given claimant's approaching advanced age, lack of transferable skills and residual functional capacity for even medium work, there was no substantial evidence to support the determination that she could return to her questionable past relevant work, or perform any other type of work activity existing in the economy.[4]   Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be GRANTED, that of Defendant DENIED, and the instant case be remanded to the Commissioner for a computation of benefits to which claimant is entitled.

---

[4]The Medical-Vocational Guidelines ("the grid") mandates a finding of "disabled" for persons approaching advanced age, high school education, unskilled work history and residual functional capacity for medium work activity. (Rule 203.18)

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: January 17, 2007

_____

## CERTIFICATE OF SERVICE

I hereby certify on January 17, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 17, 2007.  **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

**8**