UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSA BLAZEVSKA

    Plaintiff,                                  CIVIL ACTION NO. 06-11711

v.

                                         DISTRICT JUDGE ARTHUR J. TARNOW
                                         MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Petition for Attorney Fees, pursuant to 42 U.S.C. 406(b)(1), should be GRANTED, because the requested payment was reasonable for the services rendered in successfully representing a disability claimant before this Court.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on October 12, 2001, alleging that she had been disabled and unable to work since February 15, 2000, at age 48, due to mental retardation. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on March 15, 2005[1], before Administrative Law Judge (ALJ) Edward P. Golden. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform work at all exertional levels, including her past

---

[1] An earlier administrative hearing was held in February 2003, before ALJ Golden (TR 186-205), which resulted in a decision to deny disability benefits (TR 150-159). The Appeals Council vacated that decision in June 2005, and remanded the case for further medical evaluation of claimant's neck tenderness (TR 163-164).

work as a dishwasher. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.

Pursuant to an Order of Reference, I submitted a Report and Recommendation, on January 17, 2007, finding that substantial evidence did not exist on the record supporting the Commissioner's decision that Plaintiff had retained the residual functional capacity for work at all exertional levels. Given the medical evidence from long time treating physicians that the claimant suffered functional limitations stemming from her mental retardation, I recommended that the case be remanded to the Commissioner for a computation of benefits to which claimant is entitled.

The Court adopted the Report and Recommendation on March 30, 2007, and ordered the case remanded to the Commissioner for a computation of Social Security disability benefits. On July 26, 2007, Plaintiff filed a Petition for Attorney Fees, pursuant to 42 U.S.C. 406(b)(1), seeking thirteen thousand three hundred thirty three dollars and twenty five cents ($13,333.25) from claimant's retroactive benefits. This amount represented less than 25 percent of the back benefits payable under the U.S.C. § 406(b).

The defendant filed his response to the petition on August 9, 2007, stating that the government could not comment upon the reasonableness of the fee request because Plaintiff's attorney had failed to submit an itemization of services rendered on behalf of his disabled client. Counsel provided an itemization of services on August 22, 2007, showing that he had spent a total of 67 hours over five years communicating with his client, submitting documentation and preparing pleadings needed to help win the disability award. To date, the government has not filed any objection to the attorney fee request of

$13,333.25. The fee application was referred to the undersigned magistrate judge, on January 8, 2008, for a report and recommendation.

The Social Security Act states that when a disability claimant is successful in Federal Court, the court may authorize payment of reasonable attorney fees up to 25 percent of the claimant's back-due benefits. 42 U.S.C. § 406(b)(1). The government has not filed an objection to the fee petition seeking $13,333.25 since counsel submitted an itemization of services rendered on behalf of his client. The requested attorney fee represents less than 25 percent of the claimant's retroactive benefits. Accordingly, I recommend that the petition be GRANTED as a reasonable attorney fee for the legal services rendered in successfully representing this disability claimant before this Court.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                  s/Donald A. Scheer
                                  DONALD A. SCHEER
                                  UNITED STATES MAGISTRATE JUDGE

DATED: January 16, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on January 16, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 16, 2008. None.

                                  s/Michael E. Lang
                                  Deputy Clerk to
                                  Magistrate Judge Donald A. Scheer
                                  (313) 234-5217